# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CIOTTA,<br><br>Petitioner,<br><br>v.<br><br>S. FRAUENHEIM,<br><br>Respondent. | Case No. 1:15-cv-01849-AWI-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS, DENY PETITIONER'S MOTIONS TO AMEND, AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF Nos. 1, 13, 22, 23) |

Petitioner Steven Ciotta is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary proceeding that resulted in the loss of 360 days of good time credit and 24 months in the Security Housing Unit. The undersigned recommends granting Respondent's motion to dismiss given that Petitioner's claim is not cognizable under the federal habeas statute and the instant petition was filed outside the one-year limitations period.

## I.

## BACKGROUND

Petitioner currently is in the custody of the California Department of Corrections and Rehabilitation at Pleasant Valley State Prison serving a sentence of life without the possibility of parole. (ECF No. 1 at 1; ECF No. 13 at 3).[1] On March 25, 2011, Officer J. Figueroa observed

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1   Petitioner striking another inmate in the neck area approximately two times with his right fist.

2   All inmates were ordered to get down, but Officer Figueroa observed Petitioner walking towards

3   the inmate urinals and Petitioner appeared to place an unknown object in the toilet. Petitioner

4   then got down by the urinals. Officer Figueroa approached the victim inmate and observed

5   bleeding from the left side of his neck. (ECF No. 1 at 19).

6       Petitioner was charged with battery on an inmate with a weapon in Rules Violation

7   Report Log No. FA-11-03-049, dated March 25, 2011, and a disciplinary hearing was held on

8   April 11, 2011. (ECF No. 1 at 20). Petitioner pleaded not guilty and submitted a written

9   statement. No witnesses were requested or called. The Senior Hearing Officer found Petitioner

10  guilty of battery on an inmate with a weapon, a Division A-1 offense. Petitioner was penalized

11  with the forfeiture of 360 days of credit and 10 days of yard. Petitioner also was referred for a

12  Security Housing Unit ("SHU") term assessment. (Id. at 21). Petitioner ultimately was assessed

13  twenty-four months in the SHU. (Id. at 4).

14      On December 29, 2011, Petitioner's administrative appeal was denied at the third level of

15  review. (ECF No. 1 at 23–24). On January 3, 2014, Petitioner filed a state habeas petition in the

16  Kern County Superior Court, which denied the petition on March 24, 2014. (Id. at 25–26). On

17  August 15, 2014, Petitioner filed a state habeas petition in the California Court of Appeal, Fifth

18  Appellate District, which denied the petition on November 3, 2014. (Id. at 27). Thereafter,

19  Petitioner filed a state habeas petition in the California Supreme Court, which denied the petition

20  on May 13, 2015. (Id. at 28).

21      On December 10, 2015, the Court received the instant federal petition for writ of habeas

22  corpus. (ECF No. 1). On February 5, 2016, Respondent filed a motion to dismiss, arguing that

23  there is no habeas jurisdiction because Petitioner is serving a sentence of life without the

24  possibility of parole and that the petition was filed outside the one-year limitations period. (ECF

25  No. 13). Petitioner filed multiple oppositions.[2] (ECF Nos. 15, 17, 18, 20). Respondent has filed a

26  ---

[2] After Respondent filed a reply to Petitioner's original opposition to the motion to dismiss, the Court received
27  Petitioner's motion to file an amended opposition along with the amended opposition. (ECF Nos. 17, 18).
Thereafter, on April 18, 2016, Petitioner filed a "Motion to Submit Objection to Magistrate Finding Report in Favor
of Motion to Dismiss" despite the Court not having issued findings and recommendation to grant the motion to
28  dismiss. (ECF No. 20). The Court construes the motion as a supplemental opposition to Respondent's motion to

1  reply. (ECF No. 16).

2  **II.**

3  **DISCUSSION**

4  **A.  Habeas Corpus Jurisdiction**

5  Respondent asserts that the petition should be dismissed for lack of jurisdiction.

6  Respondent argues that because Petitioner is serving a life sentence without the possibility of

7  parole, success on his claim would not necessarily spell speedier release and thus, there is no

8  habeas jurisdiction. (ECF No. 13 at 3–4).

9  In general, the Supreme Court has explained that claims challenging "the fact or

10  duration" of confinement and "seek[ing] either immediate release from that confinement or the

11  shortening of its duration" lie at "the core of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475,

12  489 (1973). Although Preiser defined the core of habeas, it did not "explore the appropriate

13  limits of habeas corpus as an alternative remedy to a proper action under § 1983." Id. at 500.

14  Subsequently, the Ninth Circuit has wrestled with issues arising out of the interplay between

15  habeas corpus and § 1983 jurisdiction.

16  In Bostic v. Carlson, a prisoner filed multiple habeas petitions challenging disciplinary

17  infractions for which he was assessed forfeiture of statutory good time or segregation from the

18  general prison population. 884 F.2d 1267, 1269 (9th Cir. 1989). The Ninth Circuit "assume[d]"

19  habeas jurisdiction existed over all the petitions, stating that habeas jurisdiction is available: (1)

20  for a prisoner's claims that he has been denied good time credits, (2) for a prisoner's claims that

21  he has been subjected to disciplinary segregation without due process of law, and (3) when a

22  petitioner seeks expungement of a disciplinary finding from his record if expungement is likely

23  to accelerate the prisoner's eligibility for parole. Id. The Ninth Circuit did not elaborate on when

24  expungement would be "likely to accelerate" parole eligibility.

25  dismiss. See Castro v. United States, 540 U.S. 375, 381–82 (2003) (courts may recharacterize a *pro se* motion to

26  "create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis"); Bernhardt v. Los Angeles County, 339 F.2d 920, 925 (9th Cir. 2003) (courts have a duty to construe *pro se*

27  pleadings and motions liberally). Pursuant to the Court's briefing schedule, the motion to dismiss was deemed submitted once Respondent filed the reply. (ECF No. 7 at 2). Thus, Petitioner's amended opposition and

28  supplemental opposition are untimely. However, in an abundance of caution, the Court has considered them and finds that they do not change the Court's analysis of the matter.

1    In Ramirez v. Galaza, a prisoner brought a civil rights action under § 1983 to challenge

2    procedures used in imposing disciplinary sanctions of ten days of disciplinary detention, loss of

3    privileges for sixty days, and assignment to administrative segregation for twenty-four months.

4    334 F.3d 850, 852–53 (9th Cir. 2003). He was not subject to a loss of good time credits. The

5    Ninth Circuit held that "habeas jurisdiction is absent, and a § 1983 action proper, where a

6    successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."

7    Id. at 859. Because there was no showing that the expungement sought by the prisoner was likely

8    to accelerate his eligibility for parole, the Ninth Circuit found that the challenge to the

9    disciplinary proceeding was properly brought under § 1983. Id.

10    In Docken v. Chase, a prisoner brought a habeas corpus action to challenge the timing of

11    his parole eligibility reviews. 393 F.3d 1024, 1026 (9th Cir. 2004). The Ninth Circuit understood

12    "Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of

13    imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by

14    the Preiser Court." Id. at 1031. The court held that prisoners could bring habeas petitions so long

15    as success on the claims "could potentially affect the duration of their confinement." Id.

16    The Supreme Court discussed the distinction between habeas corpus and § 1983 in

17    Skinner v. Switzer, considering the question, "[w]hen may a state prisoner, complaining of

18    unconstitutional state action, pursue a civil rights claim under § 1983, and when is habeas corpus

19    the prisoner's sole remedy?" 562 U.S. 521, 533 (2011). In Skinner, a prisoner brought a § 1983

20    action alleging that Texas violated his due process rights by refusing to provide for DNA testing

21    he requested. Id. at 529. The Supreme Court found the prisoner properly invoked § 1983 because

22    "[s]uccess in his suit for DNA testing would not 'necessarily imply' the invalidity of his

23    conviction." Id. at 534. The Supreme Court noted that none of its cases "has recognized habeas

24    as the sole remedy, or even an available one, where the relief sought would 'neither terminat[e]

25    custody, accelerat[e] the future date of release from custody, nor reduc[e] the level of custody.'"

26    Id. (alterations in original) (quoting Wilkinson v. Dotson, 544 U.S. 74, 86 (2005) (Scalia, J.,

27    concurring)). The Court further noted that "Dotson declared . . . in no uncertain terms, that when

28    a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the

4

1  core of habeas corpus,' and may be brought, if at all, under § 1983." Id. at 535 n.13 (quoting

2  Dotson, 544 U.S. at 82). It is unclear whether Skinner is irreconcilable with the Ninth Circuit's

3  holdings in Bostic and Docken.[3]

4          The Court need not determine whether habeas jurisdiction extends only to claims that, if

5  successful, will necessarily spell speedier release, or if habeas jurisdiction extends to claims that,

6  if successful, would merely be likely to or have the potential to lead to speedier release. The

7  Court finds that under either standard, habeas jurisdiction is lacking in the instant case. Although

8  Petitioner lost good time credits, Petitioner will not be considered for parole in the future because

9  he was sentenced to life without the possibility of parole. Therefore, expungement of the

10 challenged disciplinary conviction and restoration of any lost credits would not be likely to or

11 have the potential to or necessarily accelerate the future date of Petitioner's release from custody.

12 Thus, Petitioner's claim is not cognizable under the federal habeas statute. Petitioner cites to

13 California Penal Code section 4800, which provides that "[t]he general authority to grant

14 reprieves, pardons and commutations of sentence is conferred upon the Governor by Section 8 of

15 Article V of the Constitution of the State of California." (ECF No. 1 at 15). Although the parole

16 board may report to the Governor "the names of any and all persons imprisoned in any state

17 prison who, in its judgment, ought to have a commutation of sentence or be pardoned and set at

18 liberty on account of good conduct, or unusual term of sentence, or any other cause," Cal. Penal

19 Code § 4801(a), at this time, any potential change in Petitioner's sentence is speculative.

20 Petitioner's sentence is life without parole. Thus, habeas jurisdiction is lacking and the petition

21 should be dismissed.

22      **B.  Statute of Limitations**

23          On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

24

---

25 [3] In Nettles v. Grounds, the Ninth Circuit ruled that, pursuant to Skinner, habeas jurisdiction extends to claims involving prison disciplinary proceedings only if a petitioner's success will "necessarily spell speedier release,"
26 including "termination of custody, acceleration of the future date of release from custody, or reduction of the level of custody." 788 F.3d 992, 1001 (9th Cir. 2015). The Ninth Circuit held that to the extent its cases "have indicated that the writ of habeas corpus may extend to claims that, if successful, would merely be likely to or have the
27 potential to lead to a speedier release, they are superceded by the Supreme Court's rulings." Id. However, Nettles is to be reheard en banc, and thus, the three-judge panel opinion does not constitute binding precedent. Nettles v.
28 Grounds, 810 F.3d 1138, 1138–39 (9th Cir. 2016).

of 1996 ("AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

   The Ninth Circuit has held that when a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) applies and the AEDPA's one-year limitations period runs from when the factual predicate of the habeas claim could have been discovered through the exercise of due diligence. <u>Mardesich v. Cate</u>, 668 F.3d 1164, 1172 (9th Cir. 2012). The Ninth Circuit further held that "[a]s a general rule, the state agency's denial of an administrative appeal is the 'factual predicate' for such habeas claims." <u>Id.</u> Here, Petitioner's administrative appeal was denied on December 29, 2011. The one-year limitations period commenced running the following day,

1   December 30, 2011, and absent tolling, was set to expire on December 29, 2012. Patterson v.

2   Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

3       The "time during which a properly filed application for State post-conviction or other

4   collateral review with respect to the pertinent judgment or claim is pending shall not be counted

5   toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). However, § 2244(d) "does not

6   permit the reinitiation of the limitations period that has ended before the state petition was filed."

7   Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Here, the limitations period expired on

8   December 29, 2012, and Petitioner's first state habeas petition was filed on January 3, 2014.

9   Accordingly, Petitioner is not entitled to statutory tolling under § 2244(d)(2).

10      The limitations period also is subject to equitable tolling if the petitioner demonstrates

11  "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

12  circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631,

13  649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). However, Petitioner has

14  not made any showing that he is entitled to equitable tolling. Indeed, in his multiple oppositions,

15  Petitioner fails to explain his delay. Therefore, the instant petition was not timely filed, and

16  dismissal is warranted on this ground.

17      **C. Petitioner's Motions to Amend**

18      On May 5, 2016, Petitioner moved to stay the proceeding and requested leave to file an

19  amended petition. (ECF No. 22). On June 13, 2016, Petitioner filed a motion for leave to amend

20  along with an amended petition. (ECF Nos. 23, 24). Leave to amend "shall be freely given when

21  justice so requires." Fed. R. Civ. P. 15(a). However, the Court may decline to grant leave to

22  amend "if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the

23  movant, repeated failure to cure deficiencies by amendments previously allowed, undue

24  prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of

25  amendment, etc.'" Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty., 708 F.3d 1109,

26  1117 (9th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). The amended petition

27  submitted by Petitioner does not remedy the defects raised by the motion to dismiss. The Court

28  finds that amendment is futile and that leave to amend should be denied. See Novak v. United

1   States, 795 F.3d 1012, 1020 (9th Cir. 2015); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995)

2   ("Futility of amendment can, by itself, justify the denial of . . . leave to amend.").

### III.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1.  Respondent's motion to dismiss (ECF No. 13) be GRANTED;

2.  Petitioner's motions for leave to amend (ECF Nos. 22, 23) be DENIED; and

3.  The petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 23, 2016**          /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE