# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CIOTTA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>S. FRAUENHEIM,<br><br>　　　　　Respondent. | Case No. 1:15-cv-01849-AWI-EPG-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 42) |

Petitioner is a state prisoner who filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 2, 2016, the Court dismissed the petition and entered judgment. (ECF Nos. 31, 32). On September 5, 2016,[1] Petitioner filed the instant motion for reconsideration of the Court's order dismissing the case. (ECF No. 42).

The Court will review Petitioner's motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> 　　(1) mistake, inadvertence, surprise, or excusable neglect;
> 　　(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> 　　(3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or  misconduct by an opposing party;
> 　　(4) the judgment is void;
> 　　(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> 　　(6) any other reason that justifies relief.

---

[1] Pursuant to the prison mailbox rule, a *pro se* prisoner's legal document is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). Here, Petitioner declares that the motion was delivered to prison authorities for mailing on September 5, 2016. (ECF No. 42 at 21).

Petitioner contends that the Court erred in finding that it lacked habeas jurisdiction and in denying Petitioner leave to amend. (ECF No. 42 at 5–7). The Court may grant relief under Rule 60(b)(1) for judicial error pursuant to a motion filed "within a reasonable time not exceeding the time for appeal." Gila River Ranch, Inc. v. United States, 368 F.2d 354, 357 (9th Cir. 1966). See also Peterson v. Blauer, 471 F. App'x 700 (9th Cir. 2012). The instant motion for reconsideration was filed after the time for appeal expired.[2] Regardless, the Court finds no basis to reconsider its decision on the merits of Petitioner's arguments. Even if Petitioner's sentence allowed for the possibility of parole, which it does not, expungement of the challenged disciplinary violation would not necessarily lead to immediate or speedier release because "the presence of a disciplinary infraction does not compel the denial or parole, nor does an absence an infraction compel the grant of parole." Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (en banc). Thus, Petitioner's claim is not cognizable in habeas. Additionally, Petitioner's motions to amend were filed beyond the time period prescribed by Rule 15(a)(1) for amendments as a matter of course, and thus, Petitioner was required to obtain the Court's leave to amend the petition. Fed. R. Civ. P. 15(a). As the petition was untimely and not cognizable in habeas, amendment was futile.

Petitioner also moves for reconsideration of dismissal based on manifest injustice. (ECF No. 42 at 1). For a party to be entitled to relief under Rule 60(b)(6), he must show "'extraordinary circumstances' justifying the reopening of a final judgment," and "[s]uch circumstances will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (citations omitted). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (citations omitted). Petitioner has not demonstrated that such extraordinary circumstances exist here, and the Court finds relief is not warranted under Rule 60(b)(6).

---

[2] The time for appeal expired on September 1, 2016, thirty days after entry of judgment. Fed. R. App. P. 4(a)(1)(A). The instant motion for reconsideration was filed on September 5, 2016.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of relief, and an appeal is only allowed in certain circumstances. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. In *United States v. Winkles*, the Ninth Circuit held that a certificate of appealability "is required to appeal the denial of a Rule 60(b) motion for relief from judgment arising out of the denial of a section 2255 motion." 795 F.3d 1134, 1142 (9th Cir. 2015). If a court denies a Rule 60(b) motion in a § 2255 proceeding, a certificate of appealability should only issue if "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying section 2255 motion states a valid claim of the denial of a constitutional right." <u>Winkles</u>, 795 F.3d at 1143. "Given that section 2255 'was intended to mirror § 2254 in operative effect,' and that the language used in sections 2253(c)(1)(A) and (c)(1)(B) is functionally identical," <u>id.</u> at 1141 (citations omitted), the Court will apply the standard set forth in <u>Winkles</u> to determine whether a certificate of appealability should issue regarding the denial of Petitioner's Rule 60(b) motion for relief from judgment arising out of the dismissal of his § 2254 petition. Here, the Court finds that jurists of reason would not find it debatable whether the Court abused its discretion in denying the Rule 60(b) motion for reconsideration. As both prongs of the standard must be satisfied and Petitioner has failed to meet one of them, Petitioner is not entitled to a certificate of appealability under *Winkles*.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for reconsideration (ECF No. 42) is DENIED; and
2. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   October 17, 2016                                    _____
                                                                                    SENIOR DISTRICT JUDGE