# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CIOTTA,<br><br>    Petitioner,<br><br>    v.<br><br>S. FRAUENHEIM,<br><br>    Respondent. | Case No. 1:15-cv-01849-AWI-EPG-HC<br><br>ORDER DENYING PETITIONER'S MOTIONS FOR RECONSIDERATION<br><br>(ECF No. 50, 53) |

## BACKGROUND

Petitioner is a state prisoner who proceeded pro se with petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 2, 2016, the Court adopted in full a Findings and Recommendation ("F&R") and dismissed the petition for lack of jurisdiction (and alternatively for being filed beyond the limitation period). (ECF No. 31). Judgment was entered the same day. (ECF No. 32).

On August 24, 2016, Petitioner filed a notice of appeal. (ECF No. 34).

While the appeal was pending before the Ninth Circuit, Petitioner filed a motion for reconsideration on September 5, 2016.[1] (ECF No. 42). The Court construed the reconsideration motion as being brought under Rule 60(b) and denied the motion on October 18, 2016. (ECF No. 43).

On November 7, 2016, the Ninth Circuit denied the request for a certificate of

---

[1] Pursuant to the prison mailbox rule, a *pro se* prisoner's legal document is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)).

1

1 appealability. (ECF No. 44). On December 9, 2016, the Ninth Circuit denied Petitioner's request for reconsideration and refused to accept any further filings. Order, <u>Ciotta v. Frauenheim</u>, No. 16-16504 (9th Cir. Dec. 9, 2016), ECF No. 5.

On December 16, 2016, Petitioner filed a motion for extension of time to file a notice of appeal regarding the Court's October 18, 2016 denial of his motion for reconsideration. (ECF No. 46). Petitioner also filed the notice of appeal, which was processed to the Ninth Circuit. (ECF Nos. 45, 47). On February 8, 2017, the Court ordered that its October 18, 2016 order be vacated and stricken because the Court had been divested of jurisdiction when the order was issued. (ECF No. 48).

While the second appeal was pending, on April 4, 2017, Petitioner filed a motion for reconsideration of the Court's August 2, 2016 dismissal of the petition. (ECF No. 50). On May 17, 2017, the Ninth Circuit dismissed Petitioner's appeal of the October 18, 2016 denial of his motion for reconsideration because it "does not timely challenge any final appealable order of the district court." (ECF No. 51).

On May 23, 2017, Petitioner another motion for reconsideration. (ECF No. 53). The May 23, 2017 motion is essentially identical to the April 4, 2017 motion for reconsideration. <u>Cf.</u> (ECF No. 50) <u>with</u> (ECF No. 53).

**DISCUSSION**

The Court will review Petitioner's motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

| | |
|---|---|
| 1 | prospectively is no longer equitable; or |
| 2 | (6) any other reason that justifies relief. |

Fed. R. Civ. P. 60(b).

### a. April 13, 2017 Motion For Reconsideration

Petitioner filed the April 13, 2017 motion while his December 2016 appeal was still pending. Upon the filing of the notice of appeal, this Court was divested of jurisdiction. See Davis v. Yageo Corp., 481 F.3d 661, 685 (9t h Cir. 2007); Williams v. Woodford, 384 F.3d 567, 586 (9t h Cir. 2002); Gould v. Mutual Life Ins. Co. of N.Y., 790 F.2d 769, 772 (9th Cir. 1986); Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984). If Petitioner wanted the Court to consider the Rule 60(b) motion, Peitioner was obligated to follow a particular procedure. See Davis, 481 F.3d at 685; Williams, 384 F.3d at 586. The proper procedure was for Petitioenr to ask this Court if he wished to enetertain or grant the motion, and if the Court responded in the affirmative, he was to then request a remand from the Ninth Circuit. See Davis, 481 F.3d at 685; Williams, 384 F.3d at 586; Gould, 790 F.2d at 772; Scott, 739 F.2d at 1466. Because Petitioner did not follow this procedure, the Court will deny the April 13, 2017 motion as unauthorized.

### b. May 23, 2017 Motion For Reconsideration

Petitioner contends that there are "new factors" that establish federal habeas jurisdiction. (ECF No. 53 at 3).[2] Petitioner alleges that the California Department of Corrections and Rehabilitations adopted new regulations, effective March 27, 2017, which require all unassigned "Close-B" custody inmates to return to their cells from noon to one o'clock for a mandatory count. Petitioner argues that success on his claims and expungement of the disciplinary violation would reduce his custody level to "Med.-B." (ECF Nos. 50 at 3; 53 at 3). Petitioner also alleges that his claims are timely since they arose under a factual predicate that could only have been discovered on March 27, 2017. (ECF Nos. 50 at 9; 53 at 9).

The Ninth Circuit has recognized that a prisoner who seeks a "quantum change in the level of [his] custody" may bring his claims through a habeas petition. See Nettles v. Grounds,

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1  788 F.3d 992, 1005-06 (9th Cir. 2015).[3]  Assuming without deciding that Plaintiff has alleged a
2  quantum change in the level of his custody, but see Lopez v. Perry, 2017 U.S. Dist. LEXIS
3  68568, *7-*10 (E.D. Cal. May 4, 2017) (holding that an attempt to reduce classification points so
4  that the prisoner would be reduced from a level IV facility to a Level II institution did not
5  involve a quantum change in classification level); San Nicolas v. McDowell, 2015 US. Dist.
6  LEXIS 160426, *6-*8 (C.D. Cal. Oct. 27, 2015) (holding that being elevated from "medium"
7  level custody to "Close B" custody was not a quantum change in custody level, but merely an
8  attempt to obtain a different program or location or environment), Petitioner's petition remains
9  untimely.

10  The petition in this case alleged a violation of due process under the Fourteenth
11  Amendment in connection with a March 2011 disciplinary hearing. (ECF No. 1). The F&R
12  found that the one year limitations period of 28 U.S.C. § 2244(d)(1)(D)[4] began to run on
13  December 29, 2011, when Petitioner finally exhausted his administrative remedies. (ECF No. 26
14  at 6). Thus, absent tolling, Petitioner had until December 29, 2012 to file his petition. See id. at
15  7. Petitioner did not show that he was entitled to any tolling. See id. at 6-7. Because Petitioner
16  filed his petition in December 2015 and did not show that he was entitled to tolling, the Court
17  adopted the F&R and found that the petition was untimely. See (ECF Nos. 26, 31).

18  Petitioner relies on the March 2017 regulation to argue that his petition is now timely
19  under 28 U.S.C. § 2244(d)(1)(D). Petitioner is mistaken. Under 28 U.S.C. § 2254, federal
20  courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody
21  pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of
22  the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As explained
23  above, the constitutional violation in this case is an alleged violation of the Fourteenth

---

[3] *Nettles v. Grounds*, 788 F.3d 992 (9th Cir. 2015) involved the consolidated appeals of two separate inmates, one by Damous Nettles and the other by Matta Santos. The panel majority's discussion and opinion regarding the quantum change in the level of custody was confined to Santos's case. See id. at 1004–06. The rehearing en ban only involved the panel's holdings regarding Damous Nettles. See Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc). The panel's opinion reargind Santos's claim concerning the quantum change in custody was not re-heard.

[4] 28 U.S.C. § 2244(d)(1)(D) reads: "(d)(1) A 1-year period of limitation shall apply to an application for writ of ahbeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall frun from the latest of . . . (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

1 Amendment due process clause in connection with the March 2011 disciplinary hearing. The
2 March 2017 policy change is unconnected to the March 2011 disciplinary hearing. The March
3 2017 policy change post-dates the events of this petition by six years and is an entirely new and
4 separate event. Further, Petitioner fails to explain how the March 2017 policy change resulted in
5 a constitutional violation. Therefore, the March 2017 policy change is not the factual basis for
6 this petition for purposes of 28 U.S.C. § 2244(d)(1).

Because Petitioner has failed to show that his petition was timely, reconsideration is not warranted.

**ORDER**

Accordingly, for the reasons discussed above, IT IS HEREBY ORDERED that Petitioner's motions for reconsideration (ECF Nos. 50 and 53) are DENIED.

IT IS SO ORDERED.

Dated: June 14, 2017

_____
SENIOR DISTRICT JUDGE